IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr118

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| SINCLAIR LANDON ATKINS, JR. ) | |
| ) | |

**THIS MATTER** is before the Court upon motions of the defendant pro se for a recommendation for placement in a half-way house following incarceration. (Doc. Nos. 14).

Title 18, United States Code, Section 3624(c) allows the Bureau of Prisons (BOP) to place a prisoner in pre-release custody under conditions, including home confinement, for the last portion of his sentence to prepare him for re-entry into the community. The Second Chance Act of 2007, among other things, expanded the allowable time period for pre-release custody from six to twelve months, but limits the time in home confinement to six months. Pub. L. No. 110-199, § 251, 122 Stat. 657, 692-93 (2008). The Act clearly states that it does not alter the BOP's authority to designate the place of the prisoner's imprisonment under 18 U.S.C. § 3621, and prohibits a court from ordering that a sentence be served in a community confinement facility. Id.

Even so, the defendant recognizes the Court's inability to order pre-release custody to a residential re-entry center and asks the Court to recommend such placement. Without stating an opinion on the defendant's fitness, the Court declines to recommend his release because the BOP is in a better position to make the necessary assessment.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the United States Probation office.

Signed: December 22, 2009

Robert J. Conrad, Jr.
Chief United States District Judge